UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREGORY LEONARD,

    Petitioner,

vs.

E.K. McDANIEL, et al.,

    Respondents.

2:03-cv-1293-LRH-RJJ

**ORDER**

I.    Introduction[1]

    The petitioner in this capital habeas corpus action filed a Motion for Leave to Conduct Discovery (docket #29), on October 13, 2005. On December 14, 2005, the parties filed a stipulation, stating that respondents did not oppose petitioner's discovery motion (docket #30). On January 26, 2006, the Court entered an order (docket #39) granting petitioner's motion in part and denying it in part.

    The January 26, 2006 order left unresolved one part of petitioner's request for leave to conduct discovery: petitioner's proposed discovery concerning claims related to petitioner's

---

[1] The procedural and factual background of this case is described in the order of the Court entered on January 26, 2006 (docket #39).

allegation that there were improper contacts between witness Phyllis Fineberg and jurors outside the courtroom during the course of his trial. *See* Order entered January 26, 2006 (docket #39), pp. 16-18. On February 17, 2006, the Court held a hearing regarding that portion of petitioner's discovery motion (*see* docket #44). The hearing focused on what efforts petitioner had made to conduct the requested discovery in state court, and the Court ordered petitioner to submit further exhibits in support of his motion. On March 2, 2006, petitioner submitted the further exhibits as ordered (docket #45). Respondents have taken no position regarding the discovery regarding the witness-juror contacts, beyond their December 14, 2005 stipulation.

Meanwhile, on February 15, 2006, petitioner filed a Motion for Partial Reconsideration (docket #40), seeking reconsideration of certain aspects of the January 26, 2006 order. Petitioner also filed exhibits in support of that motion for reconsideration (docket #42 and #43). Respondents did not respond to the motion for reconsideration.

The issue of discovery regarding the witness-juror contacts and the motion for reconsideration are now before the Court.

II.     Discovery Regarding the Witness-Juror Contacts

In his discovery motion, petitioner describes several claims that he asserts involving out-of-court contacts between Phyllis Fineberg, who was a prosecution witness, and certain jurors. *See* Motion for Leave to Conduct Discovery, pp. 45-58. Petitioner has included in his petition in this action claims regarding those witness-juror contacts. *See* Petition for Writ of Habeas Corpus (docket #7), Grounds 3 and 9.

Petitioner claims that during breaks in his trial, Fineberg had inappropriate contacts with jurors. *See* Motion for Leave to Conduct Discovery, pp. 46-49. The trial court removed two jurors as a result, but petitioner alleges that other jurors may have learned of Fineberg's contacts. *See id*. Petitioner asserts that one of the removed jurors testified that two alternate jurors were with her when she was contacted by Fineberg. According to petitioner, the alternate jurors were seated on the jury when the two jurors contacted by Fineberg were removed. Also, petitioner has submitted an

1  exhibit consisting of two copies of page 1 of what appears to be a declaration of a juror not removed
2  from the jury. See Exhibit 1.43.[2]  The exhibit indicates that the juror may have learned of Fineberg's
3  contacts, either from one of the removed jurors or from another juror.
4         In his discovery motion, petitioner seeks leave of court to serve subpoenas on
5  12 jurors (Exhibits 4.54 - 4.65), ordering their depositions and ordering them to produce documents
6  relative to petitioner's trial.
7         It appears that petitioner has litigated in state court some claims regarding the
8  contacts between Fineberg and the jurors, although the precise extent of the exhaustion of such
9  claims in state court is not yet clear. See Exhibits A and B to Petition.[3]
10        While it appears that petitioner may have presented in state court claims relating to
11 the witness-juror contacts, petitioner has not demonstrated that he has ever made any request in state
12 court to depose the jurors or to obtain documents from them.  At the hearing on February 17, 2006,
13 petitioner's counsel indicated that if this case is stayed so that he may return to state court,[4] petitioner
14 may seek to conduct such discovery in state court, relying upon *Crump v. Warden*, 113 Nev. 293,
15 934 P.2d 247 (1997), with respect to any procedural default issues.
16        It remains the view of the Court that this requested discovery -- subpoenas to jurors,
17 ordering depositions and production of documents, eight years after trial -- is such that it should be
18 pursued in state court, at least in the first instance.  The Court will therefore deny petitioner's motion
19 for leave to serve the proposed subpoenas located in the record at Exhibits 4.54 - 4.65.

---

[2] In this order, the exhibits referred to in the form "Exhibit 1" are the exhibits filed by petitioner in support of his discovery motion and found in the record at docket #30 through #37, #42, and #43. The exhibits referred to in the form "Exhibit A to Petition" are the exhibits filed by petitioner in support of his Petition for Writ of Habeas Corpus and found in the record at docket #7.

[3] The Court's January 26, 2006 order, at pages 6-8, includes a discussion of the relationship between the requirement of exhaustion of claims in state court and the required showing of good cause to conduct discovery under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

[4] It is premature to determine whether or not such a stay will be warranted. See *Rhines v. Weber*, 544 U.S. 269 (2005).

III.     Petitioner's Motion for Reconsideration

In his February 15, 2006 Motion for Partial Reconsideration, petitioner requests that the Court reconsider its rulings, in the January 26, 2006 order, denying certain of petitioner's proposed discovery because the claims to be supported by that discovery are not exhausted in state court. In this regard, petitioner renews his request for leave of court to serve the proposed subpoenas located at Exhibits 4.1, 4.4, 4.5, 4.6, 4.7, 4.8, 4.13, 4.17, 4.18, 4.19, 4.20, 4.21, 4.22, 4.23, 4.29, 4.30, 4.39, 4.40, 4.43, 4.44, 4.46, 4.47, 4.49, 4.50, 4.51, and 4.53. *See* Motion for Partial Reconsideration (docket #40), pp. 2-6.

The Court will deny this part of petitioner's motion for reconsideration. As the Court explained in the January 26, 2006 order, under Ninth Circuit precedent, the question whether habeas claims are exhausted is at least a factor to be taken into consideration in the exercise of the Court's discretion with respect to whether or not to grant leave to conduct discovery on those claims. *See* Order entered January 26, 2006, pp. 5-8. As the Court stated in the January 26, 2006 order: if petitioner is to pursue his unexhausted claims, he will likely have to seek a stay of this action such that he may first present such claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). If petitioner seeks such a stay, and if such a stay is granted, petitioner will have an opportunity to pursue the unexhausted claims, and to seek to conduct his discovery with respect to those claims, in state court. In this Court's view, and under Ninth Circuit precedent, the state courts are the proper forum for petitioner to seek his discovery in the first instance. *See* Order entered January 26, 2006, pp. 5-8, 15. Petitioner has not presented any basis for the Court to reconsider its ruling with respect to petitioner's requests for discovery concerning unexhausted claims.

In his motion for reconsideration, petitioner also seeks reconsideration of the Court's order to the extent it denied petitioner discovery related to the pager message that Jesus Cintron claimed he received from petitioner. *See* Order entered January 26, 2006, pp. 9-10. Petitioner states in his motion for reconsideration that he has attempted to narrow his proposed subpoenas at Exhibits 4.1, 4.4, 4.5, 4.6, and 4.7, to tailor them to his showing of good cause to conduct discovery.

1  *See* Motion for Partial Reconsideration, p. 7.  In addition, although it is not mentioned in petitioner's
2  motion for reconsideration, petitioner has also submitted a revision of the proposed subpoena at
3  Exhibit 4.17, apparently revising it in the same manner.[5]  The Court finds that this part of petitioner's
4  motion for reconsideration has merit.  However, the Court finds that petitioner's revision of the
5  proposed subpoenas has not sufficiently and clearly limited them to information regarding the pager
6  message.  The Court will grant petitioner leave of court to serve the proposed subpoenas, but only
7  after they are further edited, as ordered by the Court below, to narrow their scope to materials related
8  to the subject pager message.
9        Furthermore, in the proposed subpoena at Revised Exhibit 4.6, there is a discrepancy
10  between the first page of the subpoena and Attachment A of the subpoena, with respect to whom the
11  subpoena is directed.  The Court will require that subpoena to be edited to clarify that it is directed to
12  the Custodian of Records of the Criminalistics Photo Lab of the Las Vegas Metropolitan Police
13  Department, as in Attachment A and as in Exhibit 4.6 as it was originally presented to the Court.
14        Petitioner has not made any showing of good cause with respect to discovery
15  concerning Fineberg's 911 calls on the night of the murder.  *See* Motion for Partial Reconsideration,
16  pp. 33-34.  The Court will require revision of the proposed subpoena at Revised Exhibit 4.7 such that
17  the request for that information is deleted.
18        Next, petitioner seeks reconsideration of the Court's order to the extent it denied
19  petitioner discovery related to pawned jewelry.  *See* Order entered January 26, 2006, pp. 10-11.
20  Petitioner has attempted to narrow certain of his proposed subpoenas -- those at Exhibits 4.5 and
21  4.13 -- to focus them upon information concerning the jewelry.  *See* Motion for Partial
22  Reconsideration, pp. 7-8.  However, the two revised subpoenas seek information well beyond any
23  colorable showing of good cause.  The proposed subpoena at Revised Exhibit 4.5 seeks from the
24  Las Vegas Metropolitan Police Department Evidence Vault information "relating to the rings or
25  jewelry in Case No. C126285."  The proposed subpoena at Revised Exhibit 4.13 seeks from the
26

---

[5] *See* footnote 7, at page 9, of the January 26, 2006 Order (docket #39).

1  Las Vegas Metropolitan Police Department Pawn Shop Detail a variety of information regarding all
2  pawn-shop transactions on the part of petitioner, Jerry L. Leonard, Phyllis Fineberg, Debbie Shively,
3  Thomas Williams, and Jesus Cintron.  The proposed subpoena at Revised Exhibit 4.13 goes so far --
4  without any explanation -- to order production of "[a]ll notifications from pawnbrokers regarding a
5  .45 Colt Commander semi-automatic pistol and a .22 Caliber Model 1022 Ruger rifle pawned during
6  the period November 1994 through December 1996."  *See* page 2 of Attachment A to Revised
7  Exhibit 4.13.  Petitioner has not made a showing of good cause to support the broad discovery
8  regarding pawned items in the proposed subpoenas at Revised Exhibits 4.5 and 4.13.  The Court will
9  deny petitioner leave of court to conduct the broad discovery he requests regarding pawn
10  transactions.

11         Petitioner also moves for reconsideration of the denial of his proposed discovery from
12  multiple sources regarding benefits allegedly received by Jesus Cintron, Deborah Shively, and
13  Phyllis Fineberg.  *See* Motion for Partial Reconsideration, pp. 8-9.  In this regard, petitioner
14  apparently seeks discovery as reflected in the proposed subpoenas at Revised Exhibits 4.8, 4.18,
15  4.19, 4.20, 4.21, and 4.49, and in Exhibits 4.22, 4.23, 4.29, 4.30, 4.39, 4.40, 4.43, 4.44, 4.46, 4.47,
16  4.50, 4.51, and 4.53, as they were originally presented to the Court.  Petitioner has made no showing
17  that the claims to be supported by such discovery have been exhausted in state court.  *See* Order
18  entered January 26, 2006, pp. 11-12, and 13-16.  The Court will not grant leave for this extensive
19  discovery on these unexhausted claims.  Petitioner should may conduct that discovery in state court
20  if and when he returns to state court to litigate these claims.

21         Petitioner also now apparently wishes to conduct discovery regarding benefits
22  allegedly received by Jerry Leonard.  *See* Motion for Partial Reconsideration, pp. 8-9.  To the
23  Court's knowledge, this is the first mention in petitioner's arguments of any proposed discovery
24  regarding benefits allegedly received by Jerry Leonard.  That new request for discovery is not
25  appropriately made in the context of a motion for reconsideration.  Moreover, it appears that any
26  such claim is unexhausted in state court.  The Court will deny petitioner's request for such discovery.

1     **IT IS THEREFORE ORDERED** that petitioner is **DENIED** leave of court to serve
2  the proposed subpoenas located in the record at Exhibits 4.54, 4.55, 4.56, 4.57, 4.58, 4.59, 4.60,
3  4.61, 4.62, 4.63, 4.64, and 4.65 to Petitioner's Motion for Leave to Conduct Discovery (docket #34).
4     **IT IS FURTHER ORDERED** that petitioner's Motion for Partial Reconsideration
5  (docket #40) is **GRANTED IN PART AND DENIED IN PART**.  The Motion for Partial
6  Reconsideration is granted to the extent that petitioner is granted leave of court to serve subpoenas as
7  described below; in all other respects the Motion for Partial Reconsideration is denied.
8     **IT IS FURTHER ORDERED** that petitioner is granted leave of court to serve
9  subpoenas such as those at Revised Exhibits 4.1, 4.4, 4.5, and 4.17, but only after they are further
10 edited such that the operative language (the language in bold) in Attachment A of the subpoenas is as
11 follows:

> **Information is requested regarding the following individuals, as further limited below:**
>
> **Gregory N. Leonard**
> **DOB: July 18, 1962**
> **SSN: 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, and**
>
> **Jesus Alfredo Cintron**
> **aka Jesus Alfredo Vasquez**
> **SSN: 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**
> **DOB: 3/24/64**
> **SID: 02349527.**
>
> **This subpoena calls for production of information pertaining to a pager message provided to Las Vegas Metropolitan Police Department by Jesus Cintron on or about January 21 or 22, 1995, and allegedly containing the voice of Gregory N. Leonard.  THIS SUBPOENA DOES NOT REQUIRE PRODUCTION OF ANY INFORMATION NOT PERTAINING TO THE ABOVE-DESCRIBED PAGER MESSAGE.  This request includes, without limitation, information in the following forms:**

1      **IT IS FURTHER ORDERED** that petitioner is granted leave of court to serve a

2   subpoena such as that at Revised Exhibit 4.6, but only after it is further edited such that the

3   first page of the subpoena reflects that it is directed as follows (consistent with Attachment A of the

4   subpoena, and consistent with Exhibit 4.6 as it was originally submitted):

            To:    Custodian of Records
                   Criminalistics Photo Lab
                   Las Vegas Metropolitan Police Department
                   6759 West Charleston Blvd.
                   Las Vegas, NV  89102

8   Also, before it is served, petitioner shall edit the subpoena at Revised Exhibit 4.6, such that the

9   operative language (the language in bold) on Attachment A of the subpoena is as follows:

            **Information is requested regarding the following individuals,
            as further limited below:**

            **Gregory N. Leonard
            DOB: July 18, 1962
            SSN: 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, and**

            **Jesus Alfredo Cintron
            aka Jesus Alfredo Vasquez
            SSN: 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
            DOB: 3/24/64
            SID: 02349527,**

            **This subpoena calls for production of information pertaining to a
            pager message provided to Las Vegas Metropolitan Police
            Department by Jesus Cintron on or about January 21 or 22, 1995,
            and allegedly containing the voice of Gregory N. Leonard.  THIS
            SUBPOENA DOES NOT REQUIRE PRODUCTION OF ANY
            INFORMATION NOT PERTAINING TO THE ABOVE-
            DESCRIBED PAGER MESSAGE.  This request includes, without
            limitation, information in the following forms:**

1    **IT IS FURTHER ORDERED** that petitioner is granted leave of court to serve a
2    subpoena such as that at Revised Exhibit 4.7, but only after it is further edited such that the operative
3    language (the language in bold) on Attachment A of the subpoena is as follows:

4
5    **Information is requested regarding the following individuals,
     as further limited below:**

6    **Gregory N. Leonard
     DOB: July 18, 1962**
7    **SSN: 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, and**

8    **Jesus Alfredo Cintron
     aka Jesus Alfredo Vasquez**
9    **SSN: 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
     DOB: 3/24/64**
10   **SID: 02349527,**

11   **This subpoena calls for production of information pertaining to a
     pager message provided to Las Vegas Metropolitan Police**
12   **Department by Jesus Cintron on or about January 21 or 22, 1995,
     and allegedly containing the voice of Gregory N. Leonard.  THIS**
13   **SUBPOENA DOES NOT REQUIRE PRODUCTION OF ANY
     INFORMATION NOT PERTAINING TO THE ABOVE-**
14   **DESCRIBED PAGER MESSAGE.  This request includes, without
     limitation, information in the following forms:**

15

16   Also, before it is served, petitioner shall edit the subpoena at Revised Exhibit 4.7, such that the
17   numbered paragraphs on the second page of Attachment A of the subpoena are as follows:

18       1.    A list of any and all purged, deleted, or destroyed documents or
     documents transferred to storage;
19
         2.    Any and all microfilm, microfiche documents;
20
         3.    Electronic data regarding all above to include: voice mail messages
21   and files; back-up voice mail files; e-mail messages and files; back-up
     e-mail files; deleted e-mails; data files; program files; backup and
22   archival tapes; temporary files; system history files; web site
     information stored in textual, graphical or audio format; web site log
23   files; cache files; cookies; and other electronically recorded
     information.  The disclosing party shall take reasonable steps to ensure
24   that it discloses any back-up copies of files or archival tapes that will
     provide information about any "deleted" electronic data.  This list is
25   not exhaustive.

26

9

1       **IT IS FURTHER ORDERED** that petitioner shall have until and including

2 **August 11, 2006**, to complete all authorized discovery, and petitioner shall have until and including

3 **November 10, 2006,** to file and serve an amended habeas corpus petition.

4       **IT IS FURTHER ORDERED** that in all other respects the Second Scheduling

5 Order entered in this action on August 3, 2004 (docket #14) shall remain in full force and effect.

6     Dated this 31st day of March, 2006.

                                                                      LARRY R. HICKS
                                                                       UNITED STATES DISTRICT JUDGE